

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 17 2021

RICK WARREN
COURT CLERK

108 _____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JANE DOE<br><br>Plaintiff<br><br>v.<br><br>LYFT, INC.<br><br>TIM GREENE<br><br>Defendants | Case No. CJ-2021-3020 |

### PLAINTIFF JANE DOE'S FIRST AMENDED PETITION

Plaintiff Jane Doe ("Plaintiff" or "Doe"), for her causes of action against the Defendants Timothy Greene ("Greene") and Lyft, Inc. ("Lyft") (collectively, "Defendants"), states the following:

### THE PARTIES

1. Defendant Lyft, Inc. ("Lyft") is an out-of-state corporation organized under the laws of the State of Delaware whose principal place of business is in San Francisco, California.

2. Lyft is a registered Transportation Network Company doing business in the State of Oklahoma.

3. Lyft's registered service agent is The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

4. Tim Greene ("Greene") is an individual residing in Oklahoma.[1]

5. Plaintiff Jane Doe is the alias of an adult female.

---

[1] As of July 16, 2021, Timothy Greene was in jail in Logan County. He faces felony criminal charges for first-degree rape, kidnapping, and grand larceny related to the rape of a woman who is not the plaintiff in this case. He committed these acts while working as an Uber driver. *See* Logan County Case No. CF-2021-97.

EXHIBIT
7

6. Plaintiff Jane Doe was previously a resident of Oklahoma but now resides out of state.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to applicable law inclusive of the Oklahoma Constitution Article 7, Section 7, which gives the District Court "unlimited original jurisdiction of all justiciable matters."

8. Venue in the District Court of Oklahoma County is proper for reasons inclusive of 12 O.S. Sections 135, 137, and 141 and because some of the events that give rise to this action occurred in Oklahoma County and some of the damages were incurred in Oklahoma County.

9. The Court has personal jurisdiction over Lyft for reasons inclusive of the fact that Lyft had sufficient minimum contacts with the State of Oklahoma such that the Court's assertion of personal jurisdiction over Lyft does not offend traditional notions of fair play and substantial justice.

10. The Court has personal jurisdiction over Greene for reasons inclusive of the fact that he resides in Oklahoma and is currently jailed in Oklahoma.

11. The amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

12. Lyft offers a mobile application ("app") that passengers ("Riders") use to make transportation requests.

13. After a Rider requests transportation, Lyft's app connects the Rider with an available Driver, who then picks the Rider up in the Driver's personal vehicle and takes the Rider to the requested destination.

14. Riders pay for Lyft rides by authorizing the app to charge their debit or credit card.

15. Lyft establishes the rate for a given ride, collects the fare, pays the Driver a share of the fare, and keeps the remainder.

16. Lyft chooses what information Drivers and Riders can access about one another through the app.

17. On the evening of July 15, 2019, Jane Doe attended a party at a home located in Edmond, Oklahoma.

18. During the party, Jane Doe consumed several alcoholic drinks and became visibly intoxicated.

19. Around 7:00 am on July 16, 2019, Jane Doe's friend used the Lyft app to summon a Driver to pick Jane Doe up from the party in Edmond. The destination for the ride was Jane Doe's mother's house in Oklahoma City, where Jane Doe was residing at the time.

20. When Greene arrived to pick up Jane Doe, he was told that she was intoxicated and "totally out of it".

21. Jane Doe was so inebriated that she needed assistance getting into Greene's car.

22. Greene drove Doe to her mother's home in Oklahoma City.

23. The friend who summoned the Lyft tracked the ride's progress in an effort to make sure Doe arrived home safely.

24. The Lyft receipt shows Greene arrived at Doe's home at 7:33 am.

25. Lyft did not monitor Greene to prevent a violent assault or rape.

26. Lyft did not have a mandatory camera system in place to prevent rapes or assaults of passengers.

27. Lyft did not have another safety system in place to prevent sexual assault or rape that was adequate or reasonable under the circumstances.

28. After Greene pulled into the driveway of Doe's house, he raped Doe.

29. Doe became conscious lying on her back, pressed up against a hard surface in Greene's vehicle. She did not know where she was and could feel Greene holding her down and forcefully penetrating her vaginally.

30. Jane Doe was unable to push Greene off of her during the rape.

31. Doe lost consciousness again while Greene continued to rape her.

32. After seeing an unfamiliar car in the driveway of the home, Jane Doe's mother came outside, observed Jane Doe partially undressed, while Timothy Greene was "zipping up his pants and adjusting himself" and removed her daughter from the car.

33. Greene then proceeded to drive away from the home, after which Doe's mother called the police.

34. Doe did not regain consciousness until she was back in her home.

35. Doe continued to feel intoxicated even as she was driven to the hospital for examination.

36. As a result of the rape, Doe experienced vaginal pain as well as pain in her left elbow, left shoulder, and upper back.

37. Doe has suffered and continued to suffer emotional distress, which has caused physical symptoms, as well as mental and emotional symptoms, and has negatively impacted Doe's life.

38. Doe called Lyft on or about July 16, 2019, to report her rape and to ask that Greene be removed from Lyft's platform so he could not harm other Riders.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE CLAIM AGAINST LYFT)

39. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

40. Lyft qualifies as a common carrier under 13 O.S. § 4, which states "[e]veryone who offers to the public to carry persons, property or messages is a common carrier of whatever he thus offers to carry."

41. As a common carrier, Lyft is held to the higher standard of care articulated in 13 O.S. § 32, which states "[a] carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

42. The number of sexual assaults reported to Lyft has increased in recent years, with over 4,000 instances recorded by the company from 2017 to 2019—1,800 of which occurred in 2019 alone.[2]

43. Lyft breached its duty to Jane Doe by connecting her with a dangerous rapist Driver while she was incapacitated and intoxicated.

---

[2] Tina Bellon, *Lyft Records More than 4,000 Sexual Assault Cases in Long-Overdue Safety Report*, REUTERS (Oct. 22, 2021, 4:31 PM), https://www.reuters.com/business/autos-transportation/lyft-records-more-than-4000-sexual-assault-cases-long-overdue-safety-report-2021-10-22/.

44. Lyft failed to implement proper screening mechanisms to identify Greene as a danger to Riders before Doe's sexual assault.

45. Lyft failed to properly supervise Greene after he was hired to ensure he did not become a danger to Riders.

46. As a result of Lyft's negligent failure to protect her, Doe has suffered physical, mental, and emotional anguish.

## SECOND CAUSE OF ACTION
## (PRODUCTS LIABILITY CLAIM AGAINST LYFT)

47. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

48. Lyft developed, markets, and operates a mobile app that connects Riders with Drivers.

49. Lyft is in the business of app development.

50. Lyft's app is defective because it does not include adequate safety measures to protect vulnerable Riders from harm.

51. The lack of protection for Riders presents an unreasonable danger to all Riders, but especially to inebriated female Riders, who are foreseeable Lyft customers.

52. Plaintiff Jane Doe was a reasonably foreseeable passenger.

53. Due to Lyft's failure to include features in its app which would adequately protect Riders, Jane Doe was raped by her Lyft Driver.

54. Doe sustained physical, mental, and emotional injuries as a result of Lyft's defective app.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT CLAIM AGAINST LYFT)

55. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

56. Doe's friend, an individual, downloaded the Lyft app, entering into a contract with Lyft.

57. The essence of the contract is that user of the app would pay a fee to Lyft in exchange for safe transportation for the intended Rider's destination.

58. Lyft breached its contract with the individual who downloaded its app, including implied covenants that would be inherent in such a contract.

59. As a result of Lyft's breach of the contract, Jane Doe, a third-party beneficiary to the contract, suffered damages.

60. As a result of Lyft's breach of the contract to the individual who previously downloaded the app, Doe sustained the actual damages set forth herein.

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE AGAINST GREENE)

61. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

62. Oklahoma law provides: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." 76 O.S. § 1.

63. In addition, Greene assumed certain duties by agreeing to provide services as a Lyft Driver.

64. Greene had a duty to (i) drive carefully; (ii) refrain from picking up passengers for Lyft while under the influence of alcohol or drugs; (iii) not provide alcohol to intoxicated persons; (iv) ensure that Lyft passengers arrive safely at their destination; and (v) not to touch or engage in sexual acts with an intoxicated person who has not given and/or cannot give consent.

65. Greene breached his duties.

66. Jane Doe was injured as a result of Greene's breach.

67. Greene is negligent *per se.*

## FIFTH CAUSE OF ACTION
## (ASSAULT AGAINST GREENE)

68. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

69. Greene held or restrained Doe in the car with the intention of causing Doe to fear harmful or offensive contact.

70. Doe was fearful of harmful or offensive contact by Greene.

71. As a result of Greene's assault on her, Doe has suffered physical, mental, emotional, and economic damages.

72. Greene acted with reckless disregard for the rights of others and/or intentionally and with malice towards others.

## SIXTH CAUSE OF ACTION
## (BATTERY AGAINST GREENE)

73. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

74. Greene intended to cause physical contact by raping Doe.

75. Doe did not consent to sexual intercourse with Greene, nor could she, considering her state of intoxication.

76. Doe has suffered physical, mental, emotional, and economic damages as a result of Greene's battery.

77. Greene acted with reckless disregard for the rights of others and/or intentionally and with malice towards others.

### SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST GREENE)

78. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

79. Greene acted intentionally or recklessly when he raped Doe.

80. Rape is extreme and outrageous conduct.

81. Doe has experienced severe physical, mental, emotional, and economic distress as a result of Greene raping her.

82. Greene acted with reckless disregard for the rights of others and/or intentionally and with malice towards others.

### EIGHTH CAUSE OF ACTION
### (FALSE IMPRISONMENT AGAINST GREENE)

83. Plaintiff adopts and re-alleges each of the preceding paragraphs as if fully set forth herein.

84. Greene willfully and unlawfully detained Doe in his Lyft vehicle after arriving at her home.

85. Doe did not consent to stay in the Lyft vehicle driven by Greene after arriving at her home.

86. Doe has suffered physical, mental, emotional, and economic damages as a result of Greene's false imprisonment.

87. Greene acted with reckless disregard for the rights of others and/or intentionally and with malice towards others.

## **DAMAGES**

88. Plaintiff demands judgment against Defendants for actual damages more than $75,000.

89. After Greene raped Plaintiff Doe on July 16, 2019, Greene allegedly raped another woman in Logan County. He is now in jail in Logan County on those charges

90. The Jury should be provided the choice as to whether to punish and deter Lyft and Greene (and others similarly situated) with a punitive damage verdict in excess of $75,000.

**BRANUM LAW FIRM, PLLC**

*/s/ John Branum*

John Branum, OBA #20165
Jay Mitchel, OBA #20764
Jessica Ladd, OBA #33821
9600 South May Avenue
Oklahoma City, OK 73159
(800) 318 9950 (Telephone)
(800) 418 8210 (Facsimile)
lit@branumlawfirm.com

-and-

Jeffrey A. Curran, OBA #12255
Allyson Shumaker, OBA #34784
GABLEGOTWALS
499 West Sheridan Avenue
BOK Park Plaza, Suite 2200
Oklahoma City, OK 73102-7255
(405) 235 5500 Telephone
(405) 235 2875 Facsimile
jcurran@gablelaw.com
ashumaker@gablelaw.com
***Attorneys for Plaintiff Jane Doe***

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2021, a true and correct copy of the foregoing document was mailed, postage prepaid thereon, to the following counsel of record:

**VIA U.S. FIRST CLASS MAIL**
**VIA EMAIL**
Thomas A. Paruolo, OBA #18442
Madeline M. Marshall, OBA #34713
Logan Turner, OBA # 33629
DEWITT PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
tom@46legal.com
mmarshall@46legal.com
lturner@46legal.com
***Specially Appearing on behalf of Defendant Lyft, Inc.***

_____
John Branum