## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-00574 |
| | ) | |
| LYFT, INC., and TIM GREENE, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is the Motion to Remand ("Motion") filed by Plaintiff Jane Doe ("Doe"). [Doc. No. 10]. Defendant Lyft, Inc. ("Lyft") filed a Response [Doc. No. 15], and Doe filed a Reply. [Doc. No. 19]. For the following reasons, the Court GRANTS the Motion.

## I.    BACKGROUND

On July 16, 2021, Doe filed suit against Tim Greene ("Greene") and Lyft in the District Court of Oklahoma County ("state court") alleging that Greene, her Lyft driver, raped her.[1] At that time, Doe and Greene were citizens of Oklahoma,[2] and Lyft was a

---

[1] Greene has since been convicted of sexual battery in violation of Okla. Stat. tit. 21, § 1123(B)(1), and sentenced to ten years' imprisonment. *See* Logan County Case No. CF-2021-97. Doe alleges that criminal matter involves a different woman while Greene was working as an Uber driver, not her. *See, e.g.*, Pet. [Doc. No. 1-1 at 1 n.1]; Am. Pet. [Doc. No. 1-7 at 1 n.1].

[2] Doe alleges she now resides out of state. It is Lyft's burden to show citizenship and that diversity jurisdiction exists, but Lyft argues that Doe's "citizenship, whether Oklahoma or Utah, is immaterial" and that "[t]he determining factor for this Court's consideration is whether [Doe's] failure to pursue . . . Greene . . . renders [the] Motion to Remand futile." Response [Doc. No. 15 at 1].

citizen of Delaware and California. Doe served Greene at the Logan County Jail with summons and the original petition on September 27, 2021. Lyft specially appeared and filed a Motion to Dismiss on October 14, 2021. The state court denied the motion to dismiss but required Doe to amend her original petition.[3] On December 17, 2021, Doe filed her first amended petition and served Lyft but did not serve Greene. On July 8, 2022, Lyft removed the case to this Court under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

## II.   <u>LEGAL STANDARD</u>

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). But this Court must remand "'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* (brackets omitted) (quoting 28 U.S.C. § 1447(c)). The party invoking federal jurisdiction bears the burden of showing jurisdiction is proper, and "there is a presumption against its existence." *Id.* (citation omitted); *cf. Fajen v. Found.*

---

[3] The parties' briefing is unclear whether the state court denied or granted Lyft's motion to dismiss, but the state court docket indicates the motion was denied. [Doc. No. 1-10 at 4]. Either way, the state court granted Doe leave to amend.

*Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." (citations omitted)).

## III.   <u>ANALYSIS</u>

Lyft argues that, since Greene was not served with the amended petition and the time to serve him under Oklahoma law lapsed, he was statutorily dismissed from the case under Okla. Stat. tit. 12, § 2004(I). Further, Lyft maintains that Doe has voluntarily abandoned her claims against Greene, and therefore Greene's citizenship should not be considered for the purposes of determining the Court's jurisdiction.

First, under Oklahoma law,

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice . . . .The action shall not be dismissed if a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. . . .

Okla. Stat. tit. 12, § 2004(I).

Here, Greene was served with the summons and original petition within 180 days of its filing. The statute makes clear that if service was made within 180 days, "the action *shall not* be dismissed" even if service is later deemed to be defective. So, although Doe should have served Greene with the amended petition, because he was served in the original 180-day window, section 2004(I)'s automatic dismissal provision does not apply. *See Kpiele-Poda v. Patterson-UTI Energy, Inc.*, 525 P.3d 28, 33 (Okla. 2023) (affirming that defendants must be served within 180 days of the original petition, not the amended

petition). Of course, had Greene *never* been served, perhaps Lyft's argument would prevail. But given the particular facts of this case, the Court concludes Greene has not been statutorily dismissed under Okla. Stat. tit. 12, § 2004(I).

Second, in support of its argument that Doe voluntarily abandoned her claims against Greene despite not formally dismissing him, Lyft cites several non-binding cases with distinguishable facts. For example, in *Faulk v. Husqvarna Consumer Outdoor Products N.A., Inc.*, the plaintiff never served or tried to serve the nondiverse defendant and asserted no claims against him. 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012). In *Ramirez v. Michelin North America, Inc.*, the plaintiffs testified in their depositions that they had no claim against the nondiverse defendant, which the court found demonstrated improper joinder. C.A. No. C-07-228, 2007 WL 2126635, at *4–5 (S.D. Tex. July 19, 2007). There is no indication here that Doe does not have a cause of action against Greene, nor is that Lyft's argument. Finally, in *Turley v. Stilwell*, the court found that the plaintiff voluntarily abandoned his claims against the nondiverse defendant because the plaintiff had entered a settlement agreement with the defendant but had just not dismissed him from the case yet. No. 11-CV-0030-CVE-FHM, 2011 WL 1104543, at *6 (N.D. Okla. Mar. 22, 2011). Such facts are clearly distinguishable from this case since Doe served Greene and has not settled the case with him. As Lyft has provided the Court with no binding precedent supporting its position, the Court determines that Doe has not voluntarily abandoned her claims against Greene.

In sum, Lyft has not met its burden of showing that diversity jurisdiction is proper in this case.

IV.   **CONCLUSION**

For these reasons, the Court lacks subject-matter jurisdiction over this action, GRANTS Plaintiff's Motion to Remand [Doc. No. 10], and REMANDS this case to the District Court of Oklahoma County, Oklahoma, CJ-2021-3020. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County, Oklahoma. Each side shall bear its own attorney's fees, costs, and expenses incurred as a result of the removal.

IT IS SO ORDERED this 4th of March 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE